|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR C-BASS TRUST 2006-CB9, C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-CB9, | ) ) ) ) ) ) | Case No.: 2:17-cv-00246-GMN-CWH |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| SFR INVESTMENT POOL 1, LLC, *et al.*, | ) ) | |
| Defendants. | ) | |

Pending before the Court is the Motion for Default Judgment, (ECF No. 78), filed by SFR Investments Pool 1, LLC ("SFR"). In its Motion, SFR seeks declaratory relief against cross-defendant Richard Jasper ("Jasper"). For the reasons discussed below, the Court **GRANTS** SFR's Motion.

## I. <u>BACKGROUND</u>

This case arises out of the non-judicial foreclosure on real property located at 8591 Ocotillo Springs Circle, Las Vegas, Nevada 89147 (the "Property"). (Compl. ¶ 1, ECF No. 1). Jasper purchased the Property by way of a loan secured by a deed of trust ("DOT") and subsequently defaulted on his payment obligations. (*Id.* ¶¶ 13–14, 16–17). The foreclosure and sale that followed gave rise to the instant action. (*Id.* ¶¶ 6–7, 19).

Plaintiff U.S Bank National Association ("Plaintiff"), who is senior holder of the DOT, filed its Complaint on January 30, 2017, asserting causes of action against various parties including SFR, who purchased the Property at the foreclosure sale. (*See id.* ¶¶ 44–86). On March 20, 2017, SFR filed counterclaims and crossclaims against Plaintiff and Jasper for: (1) quiet title with a requested remedy of declaratory relief; and (2) injunctive relief. (*See* Answer

¶¶ 52–66, ECF No. 14). On March 22, 2017, a summons was issued to Jasper, (ECF No. 16), and Jasper was served on June 20, 2017, (ECF No. 41). On October 25, 2017, SFR filed a motion for entry of clerks default against Jasper, which the clerk entered on October 26, 2017, (ECF No. 47).

Various parties to this litigation subsequently filed dispositive motions including, *inter alia*, Plaintiff and SFR who filed motions for summary judgment, (ECF Nos. 44, 45). On March 26, 2018, the Court granted Plaintiff's motion and denied SFR's motion, concluding that Plaintiff's senior DOT remained a valid encumbrance on the Property. (Order, 6:10–12, ECF No. 76). The Court did not, however, set aside the foreclosure sale as void. (*Id.*). SFR, accordingly, now seeks default judgment against Jasper on its remaining claim for declaratory relief. (Mot. for Default J. 5:4–8, ECF No. 78).

## II. <u>LEGAL STANDARD</u>

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Then, after the clerk of court enters default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b). Fed R. Civ. P. 55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true. Nonetheless, while the clerk's entry of default is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether to grant a default judgment is in the court's discretion. *Id.*

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at

stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

### III. DISCUSSION

SFR has already complied with the two-step process required under Federal Rule of Civil Procedure 55. Specifically, pursuant to Rule 55(a), SFR has moved for clerk's entry of default, (ECF No. 43), and the clerk subsequently entered default against Jasper, (ECF No. 47). In accordance with Rule 55(b), SFR brings the instant Motion requesting that the Court enter default judgment, (ECF No. 78).

Upon reviewing the documents and pleadings on file in this matter, the Court finds that the *Eital* factors support entry of default judgment in favor of SFR, and against Jasper in this action. The first *Eital* factor weighs in favor of default judgment here. Courts in this district hold that a defendant's failure to respond or otherwise appear in a case "prejudices a plaintiff's ability to pursue its claims on the merits," and therefore satisfies this first factor. *See, e.g.*, *ME2 Prods., Inc. v Sanchez*, No. 2:17-cv-667-JCM-NJK, 2018 WL 1763514, at *1 (D. Nev. Apr. 12, 2018); *Tropicana Entm't Inc. v. N3A Mfg., Inc.*, No. 3:16-cv-0257-LRH-VPC, 2018 WL 2088871, at *2 (D. Nev. May 3, 2018).

Regarding the second and third *Eital* factors, the Court finds SFR's crossclaim against Jasper is sufficiently pleaded and is meritorious with respect to its cause of action for declaratory relief. Specifically, SFR has introduced evidence establishing its interest in the Property is superior relative to that of Jasper's. (*See, e.g.*, Foreclosure Deed, Ex. 1-D to SFR's Mot. for Default J.).

The fourth factor weighs in favor of default judgment because SFR seeks only declaratory relief and no monetary damages against Jasper. (Mot. for Default J. 3:14, 3:15–24). The fifth *Eital* factor, which concerns the possibility of a dispute regarding material facts,

favors SFR.  There is no dispute concerning the material facts as SFR obtained its interest in the Property at the foreclosure sale following Jasper's default on his obligations and the Court ruled in favor of Plaintiff without unwinding the sale. (*See* Order. 6:10–12, ECF No. 76). Furthermore, court have recognized at the default-judgment stage that "[o]nce the clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *ME2 Prods., Inc.*, 2018 WL 1763514, at *2 (quoting *O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF, 2010 WL 3636171, at *4 (D. Nev. Sept. 9, 2010)).

With respect to the sixth *Eital* factor, the Court finds Jasper's failure to appear was not the result of excusable neglect.  Jasper was served on June 20, 2017, and his answer was due on July 11, 2017, (ECF No. 41).  The clerk's entry of default was entered against him on October 26, 2017, (ECF No. 47), and SFR filed the instant Motion on April 25, 2018, (ECF No. 78). Jasper's failure to appear, respond to SFR's crossclaim, or otherwise file anything with respect to SFR's motions counsels against a finding of excusable neglect. *See ME2 Prods., Inc.*, 2018 WL 1763514, at *3; *O'Brien*, 2010 WL 3636171, at *6.

The seventh and final *Eital* factor concerns public policy considerations. While public policy generally favors disposition on the merits, the Court concludes that default judgment is appropriate in light of the other *Eital* factors.

///

///

///

///

///

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that SFR's Motion for Default Judgment, (ECF No. 78), is **GRANTED**.

**IT IS FURTHER ORDERED** that SFR's claim for declaratory relief against Jasper is **GRANTED**. Specifically, SFR has superior interest or title to the Property relative to that of Jasper insofar as Jasper asserts any adverse interest in the Property.

**DATED** this __1__ day of October, 2018.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT